LOUISA SCHLOTTERER, an Infant, by her Guardian ad Litem, Respondent, *v.* THE BROOKLYN AND NEW YORK FERRY COMPANY, Appellant.

*Stenographer's minutes substituted for the judge's minutes on a motion for a new trial — they need not be filed with the order.*

Where upon a motion for a new trial made upon the minutes, a copy of the stenographer's minutes, obtained by the moving party at an expense of several hundred dollars, is substituted for the judge's minutes, pursuant to section 1007 of the Code of Civil Procedure, it is not necessary, under rule 3 of the General Rules of Practice, that the copy of the stenographic minutes thus obtained shall be filed in the clerk's office, and the moving party is entitled to have such copy returned to him.

APPEAL by the defendant, The Brooklyn and New York Ferry Company, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 6th day of February, 1905, denying defendant's motion to modify an order for a new trial upon the minutes, by striking therefrom the recital that said order was made upon filing the stenographer's minutes.

*John J. Kirby* [*John Delahunty* with him on the brief], for the appellant.

*Alfred E. Sander,* for the respondent.

PER CURIAM:

After the verdict in this case the defendant moved for a new trial upon the judge's minutes, and upon such motion submitted to the

judge a transcript of the stenographer's minutes of the testimony which he had obtained from the official stenographer at an expense of $555.45. Under section 1007 of the Code of Civil Procedure the judge in his discretion was authorized to treat the notes of the official stenographer when written out as his own minutes for the purposes of such a motion as that which was entertained in this case. The question presented by this appeal is whether the stenographic notes thus obtained by one party and submitted to the judge for use in accordance with the Code provision cited, must be filed in the clerk's office instead of being returned to the party by whom and at whose expense they were furnished. It is contended that rule 3 of the General Rules of Practice requires this to be done. We are of opinion that the requirements of that rule do not apply to the stenographic notes of a trial treated as the minutes of the judge for the purposes of a motion under section 999 of the Code of Civil Procedure. Under the established practice existing before the employment of official stenographers, a motion for a new trial made upon the judge's minutes was based, in theory at least, upon the notes which the judge presiding upon the trial took or was supposed to have taken as the trial proceeded. In many cases as matter of fact the judge took no notes whatever, and the motion was really founded upon his recollection of what had occurred upon the trial, aided and supplemented by the concurrent recollection of counsel. Even where he actually took minutes with his own hand, it was never the practice, so far as we are aware, to require such minutes to be filed either with the clerk or anywhere upon the disposition of the motion. The change in procedure effected by section 1007 of the Code of Civil Procedure in permitting the use of the official stenographic notes of a trial in lieu of the judge's minutes, was not intended to alter the practice in any respect except to promote the convenience of the court and counsel. Under that section as it now exists it has been the uniform practice for counsel desiring to avail themselves of its provision to furnish the stenographic notes to the judge, by whom they have been returned to counsel after the determination of the motion. The effect of holding that such notes must be filed would be virtually to compel any party submitting them in support of a motion under section 999 of the Code of Civil Procedure to pay all the stenographer's fees and leave the notes which he had

paid for on file, with the necessity of procuring an additional copy in case he desired to review the decision.

The order appealed from should be reversed.

BARTLETT, WOODWARD, JENKS, RICH and MILLER, JJ., concurred.

Order reversed, with ten dollars costs and disbursements.